# EXHIBIT A

ACT #2026-59

HB161

V7D54VP-3

By Representatives Sells, Mooney

RFD: State Government

First Read: 13-Jan-26

FEB 10 2026
RECEIVED
GOVERNOR'S OFFICE

Enrolled, An Act,

Relating to consumer protection; to require an app store provider to take certain actions regarding age verification, parental notification, and data protection; to prohibit an app store provider or developer from taking certain actions that allow minors to access apps without parental consent; to require the Attorney General to adopt rules; and to authorize the Attorney General to bring an action for a violation as a deceptive trade practice.

BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:

Section 1. For the purposes of this act, the following terms have the following meanings:

(1) ACCOUNT HOLDER. The individual associated with a mobile device.

(2) AGE CATEGORY. Whether an individual is: (i) under 13 years of age; (ii) at least 13 years of age but less than 16 years of age; (iii) at least 16 years of age but less than 18 years of age; or (iv) at least 18 years of age.

(3) AGE CATEGORY DATA. Information about a user's age category which is collected by an app store developer and shared with a developer.

(4) AGE RATING. A classification that assesses the suitability of an app's content and functions for different age groups.

(5) APP. A software application or electronic service that a user may run or direct on a mobile device. The term includes pre-installed apps.

(6) APP STORE. A publicly available website, software

application, or electronic service that allows account holders to download apps from third-party developers onto a mobile device.

(7) APP STORE PROVIDER. An entity that owns, operates, or controls an app store that allows account holders in the state to download apps onto a mobile device.

(8) CONTENT DESCRIPTION. A description of the specific content elements or functions that inform an app's age rating.

(9) DEVELOPER. An entity that owns or controls an app made available through an app store or a pre-installed app.

(10) IN-APP PURCHASE. A charge associated with any user conduct within an app and billed by an app store, including, but not limited to, the acquisition of virtual currency, digital goods, digital services, or other apps.

(11) MINOR. An individual under 18 years of age, unless the individual is married or legally emancipated.

(12) MINOR ACCOUNT. An account with an app store provider that is established by an individual who the app store provider has determined is a minor.

(13) MOBILE DEVICE. A phone or general-purpose tablet that: (i) provides cellular or wireless connectivity; (ii) is capable of connecting to the Internet; (iii) runs a mobile operating system; and (iv) is capable of running apps through the mobile operating system.

(14) MOBILE OPERATING SYSTEM. Software that: (i) manages mobile device hardware resources; (ii) provides common services for mobile device programs; (iii) controls memory allocation; and (iv) provides interfaces for apps to access

device functionality.

(15) PARENT. With respect to a minor, any of the following individuals:

a. A biological parent.

b. A legal guardian.

c. An individual with legal custody.

(16) PARENT ACCOUNT. An account with an app store provider which is affiliated with one or more minor accounts and which is verified to have been established by an individual who the app store provider has determined is not a minor.

(17) PARENTAL CONSENT DISCLOSURE. The following information that an app store provider is required to provide to a parent before obtaining parental disclosure:

a. A description of the personal data collected by the app from a user.

b. A description of the personal data shared by the app with any third party.

c. Any methods implemented by the developer to protect personal data.

d. The age rating of the app or in-app purchase, if available.

e. The content description of the app or in-app purchase, if available.

(18) PRE-INSTALLED APP. Any app, or portion of an app, that is present on a mobile device at the time of purchase, initial activation, or first use by the consumer. The term includes, but is not limited to: (i) browsers; (ii) search

engines; (iii) messaging apps; and (iv) other apps, or portions of apps, that are installed or partially installed by the device manufacturer, wireless services provider, retailer, or any other party prior to the purchase, initial activation, or first use of the device by the customer and that may be updated thereafter. The term does not include: (i) core operating system functions; (ii) essential device drivers; and (iii) applications necessary for basic device operation such as phone and settings applications.

(19) SIGNIFICANT CHANGE. A material modification to an app's terms of service or privacy policy which does any of the following:

a. Changes the categories of data collected, stored, or shared.

b. Adds new monetization features, including, but not limited to, in-app purchases or advertisements, where no such features were previously present.

c. Alters the app's age rating or content descriptions.

(20) VERIFIABLE PARENTAL CONSENT. Authorization that meets all of the following criteria:

a. Is provided by an individual who the app store provider has verified is at least 18 years of age.

b. Is given after the app store provider has clearly and conspicuously provided the parental consent disclosure to the individual.

c. Requires the parent to make an affirmative choice to either grant consent or decline consent.

Section 2. (a) An app store provider shall do both of

the following when an individual located in this state creates an account with the app store provider, or before October 1, 2027, for all accounts in existence on October 2, 2026:

(1) Request age category information from the individual.

(2) Verify the individual's age category using one of the following:

a. Commercially available methods that are reasonably designed to ensure accuracy.

b. An age verification system that complies with rules adopted pursuant to this act.

(b) For the purposes of this section, a method is commercially available if the method includes both: (i) affirmative age attestation by an individual who is reasonably believed to be the parent or legal guardian of the minor; and (ii) other information collected in the ordinary course of account creation or use.

Section 3. An app store provider shall do all of the following when an individual is determined to be a minor pursuant to Section 1:

(1) Require the account to be affiliated with a parent account.

(2) Obtain verifiable parental consent from the holder of the affiliated parent account before allowing the minor to: (i) download an app; (ii) purchase an app; or (iii) make an in-app purchase.

(3) Provide a mechanism for the holder of the affiliated parent account to withdraw consent and notify

developers when the holder of a parent account withdraws consent.

Section 4. An app store provider shall do both of the following after receiving notice of a significant change from a developer:

(1) Notify the user of the significant change.

(2) For a minor account, do both of the following:

a. Notify the holder of the affiliated parent account.

b. Obtain renewed verifiable parental consent before providing access to the significantly changed version of the app.

Section 5. An app store provider shall provide developers with real-time access to both of the following:

(1) Age category data for each user located in this state.

(2) The status of verifiable parental consent for each minor located in this state.

Section 6. An app store provider shall protect personal age verification data by doing both of the following:

(1) Limiting the collection and processing to data necessary to: (i) verify a user's age; (ii) obtain parental consent; or (iii) maintain compliance records.

(2) Transmitting personal age verification data using industry-standard encryption protocols that ensure data integrity and data confidentiality.

Section 7. An app store provider shall do both of the following with respect to pre-installed apps:

(1) Provide available age category information in

response to a request from a developer.

(2) Take reasonable measures to facilitate verifiable parental consent for use of a pre-installed app in response to a request from a developer.

Section 8. An app store provider may not do any of the following:

(1) Enforce a contract or terms of service against a minor unless the app store provider has obtained verifiable parental consent.

(2) Knowingly misrepresent the information in the parental consent disclosure.

(3) Share age category data or any other associated data except as required by law or as required by this act between an app store provider and a developer.

Section 9. (a) A developer shall do all of the following:

(1) Verify through the app store's data sharing methods: (i) the age category of users located in this state; and (ii) for a minor account, whether verifiable parental consent has been obtained.

(2) Notify app store providers of any significant change to an app.

(3) Limit use of age category data received from an app store provider to: (i) enforce developer-created age-related restrictions, protections, or defaults; (ii) ensure compliance with applicable laws or regulations; or (iii) implement safety-related features or defaults.

(4) Request age category data or verifiable parental

consent in all of the following scenarios:

a. Whenever an account holder does any of the following:

1. Downloads an app.

2. Purchases an app.

3. Launches a pre-installed app for the first time.

b. When implementing a significant change to an app.

c. To comply with applicable law.

(5) When implementing any developer-created age-related restrictions, safety-related features, or defaults, use the lowest age category indicated by either: (i) age category data received through the app store's data sharing methods; or (ii) age data independently collected by the developer.

(b) A developer may request age category data in any of the following scenarios:

(1) No more than once during each 12-month period to verify either of the following:

a. The accuracy of age category data associated with an account holder.

b. Continued account use within the age category.

(2) When there is reasonable suspicion of either of the following:

a. Account transfer.

b. Misuse outside of the age category.

(3) At the time an account holder creates a new account with the developer.

(c) A developer may not do any of the following:

(1) Enforce a contract or terms of service against a

minor unless the developer has verified through the app store provider that verifiable parental consent has been obtained.

(2) Knowingly misrepresent any information in the parental consent disclosure.

(3) Share age category data with any person.

Section 10. The Attorney General shall adopt rules establishing processes and means by which an app store provider may verify whether an account holder is a minor in accordance with this act.

Section 11. (a) Any knowing or reckless violation of this act is deemed a deceptive trade practice actionable under Chapter 19 of Title 8 of the Code of Alabama 1975. Provided, however, the Attorney General shall have the exclusive jurisdiction to bring an action pursuant to Chapter 19 of Title 8, Code of Alabama 1975. If the Attorney General has reason to believe that an entity is in violation of this act, the Attorney General may bring an action against the entity for an unfair or deceptive trade practice. In addition to other remedies available under Chapter 19 of Title 8 of the Code of Alabama 1975, the Attorney General may collect a civil penalty of up to seven thousand five hundred dollars ($7,500) per violation, reasonable attorney fees, and court costs.

(b) If a violation described in subsection (a) is part of a consistent pattern of knowing or reckless conduct, the Attorney General may seek punitive damages against the entity.

(c) An action for a claim under this section must be brought within one year from the date the Attorney General knew or reasonably should have known of the alleged violation.

(d) This section does not preclude any other available remedy at law or equity.

Section 12. (a) A developer is not liable for a violation of this act if the developer demonstrates all of the following:

(1) The developer relied in good faith on applicable age category data received through an app store's data sharing methods.

(2) The developer relied in good faith on notification from an app store provider that verifiable parental consent was obtained.

(3) The developer complied with the requirements of this act.

(b) A developer is not liable for a violation of Section 9(c)(2) if the developer: (i) uses widely adopted industry standards to determine the app's age category and content description; and (ii) applies those standards consistently and in good faith.

(c) Notwithstanding subsection (a), the safe harbor provision applies only to actions brought under this act and does not limit a developer or app store provider's liability under any other applicable law.

(d) An app store provider shall not be liable for a violation of this act if the app store provider generates an erroneous age category signal for a user as long as the app store provider demonstrates that the app store provider did all of the following:

(1) Used a commercially reasonable age verification

process.

(2) Exercised due care in conducting the age verification process.

(3) Made reasonable efforts to reconcile any discrepancies between a parent's attestation of the minor's age and other age data collected in the ordinary course of account creation or use.

Section 13. Nothing in this act shall be construed to do any of the following:

(1) Prevent an app store provider or developer from taking reasonable measures to do any of the following:

a. Block, detect, or prevent distribution to minors of: (i) unlawful material; (ii) obscene material; or (iii) other harmful material.

b. Block or filter spam.

c. Prevent criminal activity.

d. Protect app store or app security.

(2) Require an app store provider or developer to disclose user information to a developer beyond age category or verification of parental consent status.

(3) Allow an app store provider or developer to implement measures required by this act in a manner that is: (i) arbitrary; (ii) capricious; (iii) anticompetitive; or (iv) unlawful.

(4) Require a developer to collect, retain, reidentify, or link any information beyond what is both:

a. Necessary to verify age category data as required by this act; and

b. Collected, retained, reidentified, or linked in the developer's ordinary course of business.

(5) Require an app store provider or developer to block access to an application that an account holder has downloaded or installed onto a mobile device prior to October 1, 2026, except to the extent that either:

a. A parent account revokes verifiable consent for an affiliated minor account; or

b. There has been a significant change to the application.

Section 14. Nothing in this act shall be construed to relieve any person from compliance with any other law of this state that requires age verification.

Section 15. This act shall become effective on January 1, 2027.

Speaker of the House of Representatives

President and Presiding Officer of the Senate

House of Representatives

I hereby certify that the within Act originated in and was passed by the House 22-Jan-26, as amended.

John Treadwell
Clerk

| | | |
|---|---|---|
| Senate | 05-Feb-26 | Amended and Passed |
| House | 10-Feb-26 | Concurred in Senate Amendment |

APPROVED 2-17-2026

TIME 10:30 am

Kay Ivey
GOVERNOR

Alabama Secretary Of State
Act Num....: 2026-59
Bill Num...: H-161
Recv'd 02/17/26 01:00pmMQC

**ENGROSSED**

SPONSOR Sells

CO-SPONSORS Mooney

## HOUSE ACTION

I HEREBY CERTIFY THAT THE RESOLUTION AS REQUIRED IN SECTION C OF ACT NO. 81-889 WAS ADOPTED AND IS ATTACHED TO THE BILL, H.B. 161

YEAS 94 NAYS 0

JOHN TREADWELL, Clerk

I HEREBY CERTIFY THAT THE NOTICE & PROOF IS ATTACHED TO THE BILL, H.B.____ AS REQUIRED IN THE GENERAL ACTS OF ALABAMA, 1975 ACT NO. 919.

JOHN TREADWELL, Clerk

**CONFERENCE COMMITTEE**

House Conferees____

## SENATE ACTION

C+YH

DATE: 1/22 20 26

RD 1 RFD C+YH

This Bill was referred to the Standing Committee of the Senate on C+YH and was acted upon by such Committee in session and is by order of the Committee returned therefrom with a favorable report w/amend(s) 0 w/sub 0 by a vote of yeas 9 nays 0 abstain 0 this 28th day of January 2026

____ Chair

DATE: 1-29 20 26

RF 1-30 RD 2 CAL

DATE: ____ 20__

RE-REFERRED ☐ RE-COMMITTED ☐

Committee____

I hereby certify that the Resolution as required in Section C of Act No.-81-889 was adopted and is attached to the Bill, HB 161.

YEAS 33 NAYS 0

PATRICK HARRIS,
Secretary

FURTHER SENATE ACTION (OVER)