**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 2:26-cv-00897-BL** |
| **STEVE MARSHALL,** | ) | |
| **Defendant.** | ) | |

**INITIAL ORDER**
**GOVERNING ALL FURTHER PROCEEDINGS**

This order governs all further proceedings in this action, unless modified by the court for good cause shown. All parties should review it carefully. All attorneys are expected to comply with this order and the Local Rules of the Middle District of Alabama.

## I. Duties Under Federal Rule of Civil Procedure 26(f)

### A. The Planning Conference

Federal Rule of Civil Procedure 26(f) requires the parties to confer "as soon as practicable." Therefore, no later than 21 days after the appearance of all defendants, the parties are **ORDERED** to conduct a Rule 26(f) conference. At this planning conference, the parties must, at a minimum:

- Discuss the nature and basis of their claims and defenses;

- Discuss the possibility of a prompt settlement or resolution of the case (*see also infra* Part I.D.);
- Make or arrange for the disclosures required by Federal Rule of Civil Procedure 26(a)(1);
- Develop a proposed discovery plan that indicates the parties' views and proposals concerning the matters addressed in Rule 26(f)(1)-(4); and, in appropriate cases,
- Consider whether to consent to the exercise of Magistrate Judge jurisdiction under 28 U.S.C. § 636(c).

If the parties are unable to agree on a date, time, or place for this conference, the parties are hereby **ORDERED** to meet at 10:00 a.m. at the United States Middle District Courthouse on the last Friday falling within the 21-day period starting after the appearance of all defendants. If use of the courthouse is required, counsel should telephone chambers at least seven days prior to the required meeting to advise the court. If a party is proceeding without counsel, the obligation to telephone chambers rests upon counsel for the opposing party.

**B. Report of the Planning Conference**

Within 14 days of the planning conference, the parties must jointly file a report with the court that follows the general format of Appendix I to this order. The report should begin with a brief synopsis of the case that advises the court of the general claims and defenses of the parties. The synopsis should not exceed one page. The report should include precise dates for all deadlines. The last page of the report **shall** include the Scheduling Worksheet included in **Appendix I** with the left column filled

out. Should the parties disagree about an item in the report, the parties' positions as to that item should be clearly set forth in separate paragraphs.

When preparing the report, the parties should be aware that this case should be ready for trial within 12 months from the date of service of the complaint. If the parties believe that the case will take more time to bring to trial, they must state with specificity their grounds for suggesting deadlines beyond that time frame.

The report must include a discovery plan stating the parties' views and proposals on:

- any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; and,
- any issues about claims of privilege or of protection as trial-preparation materials. If the parties agree on a procedure to assert these claims after production (*i.e.*, a "clawback" agreement), the report should include a statement whether they want the court's scheduling order to adopt their agreement under Federal Rule of Evidence 502.

Upon receipt of the report, the court may set a Federal Rule of Civil Procedure 16(b) scheduling conference. If the parties want the court to set such a conference, the parties should request one in their report.

**C. Compliance with HIPAA**

In accordance with the requirements of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996), and regulations promulgated thereto, when Protected Health Information is relevant to the claims or defenses presented in an action, a party seeking such Protected

Health Information must present a valid authorization at the Rule 26 planning meeting to be executed by the party from whom such Protected Health Information is sought. This authorization need not be filed with the court. The parties may file with the court a motion for a qualified protective order, to which all parties stipulate, and, contemporaneously with that filing, an electronic copy of the proposed order shall be sent to the e-mail address of the assigned Magistrate Judge whose address may be found at their webpage.

**D. Suitability of Action for Alternative Dispute Resolution**

To avoid unnecessary costs and fees, the court requires that the attorneys for all parties make an early analysis of the case along with their clients and that the parties discuss the feasibility of settlement with each other at the planning conference. The parties must also consider and discuss at that time when this action shall be suitable for mandatory mediation, whether under the court's ADR plan or otherwise. *See* General Order No. 2:10-mc-03511-ECM. The parties should expect the court to order this case to mediation before the submission of dispositive motions. An attorney for each party is directed to immediately forward a copy of this initial order to his or her client. The mandatory mediation requirement shall be waived only with leave of the court.

**E. Commencement of Discovery**

The parties are authorized to commence discovery pursuant to the terms of Federal Rule of Civil Procedure 26 immediately after the required planning report has been filed. In cases removed from state court in which any discovery requests were filed before such removal, those discovery requests will be deemed to have been filed on the date the parties file the required planning report. The court instructs the parties to review Local Rule 26.3 regarding the non-filing of discovery materials in civil cases.

**F. Dismissal of Non-Served Defendants**

Any defendant who has not been served with a summons and complaint within 90 days after the filing of the complaint (or within 90 days after the party was added to the action) **may be dismissed without further order of the court** unless the party required to serve shows good cause why service has not been perfected.

**G. Courtesy Copies**

For all submissions exceeding 30 pages (including exhibits), the filing party must submit, within three business days of filing, an exact courtesy copy of the submission, reflecting the CM/ECF case number, document number, page numbers and filing date, to the court's chambers at the Frank M. Johnson United States Courthouse Complex, 1 Church Street, Montgomery, Alabama, 36104. Copies may

be hand delivered or mailed to the courthouse. All hard copies should be double-sided and securely bound in a three-ring binder or by a large clip.

The parties must also email a copy of any proposed order in Microsoft Word format to lewischambers@almd.uscourts.gov, with opposing counsel copied on the email. *See* IV.C., *infra*. If the proposed order relates to discovery matters (*e.g.*, a HIPAA order, protective order or confidentiality order), an electronic copy of the proposed order shall be sent to the e-mail address of the assigned Magistrate Judge whose address may be found at their webpage.

## II. Submission Procedures

### A. CM/ECF Record

The official record of this case is maintained electronically pursuant to CM/ECF. Counsel must file all documents through CM/ECF in Portable Document Format ("PDF"). All filings generated by word-processing software shall be directly converted from the word-processing format into PDF to preserve their searchability and readability.

Except in extraordinary circumstances, all filings must be consistent with the Middle District of Alabama's Civil Administrative Procedures Manual.

### B. Protected Information

Counsel are reminded to comply with ALMD Local Rule 5.2 and the Administrative Procedures Manual's requirements for redacting personal identifiers

(*e.g.*, Social Security numbers, driver's license numbers, birth dates, addresses, telephone numbers, and bank account or credit card information) and other personal or sensitive information, in compliance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899 (2002), and the regulations promulgated thereto.

The parties must comply with the Administrative Procedures Manual when filing materials under seal.

**C. Required Electronic Submissions to Chambers**

The email address for Judge Lewis's chambers is lewischambers@almd.uscourts.gov. All emails to chambers must show a copy to opposing counsel. In cases with *pro se* parties, communications with chambers may be made via email if all *pro se* parties have provided email addresses that can be copied on the email. If a *pro se* party does not have an e-mail address on file, the sender must certify that a copy of the communication has been sent to the physical address given.

**D. Use of Large Language Models, Artificial Intelligence, or Similar Tools (ChatGPT, Harvey.AI, Claude, Lexis+, etc.)**

The parties, including self-represented litigants and attorneys, are reminded of their obligations under the Federal Rules of Civil Procedure, including Rule 11(b), to certify that they have performed a reasonable inquiry before presenting a written and signed document to the court to confirm, among other things, that the "legal contentions are warranted by existing law or by a nonfrivolous argument." Use of

these evolving tools is not prohibited, but use of these tools requires **CAUTION**, close attorney supervision and scrutiny, and citation-checking to verify the accuracy of legal citations and representations presented to the court. Any party, including a self-represented litigant or attorney, who discovers use of fabricated legal citations must immediately raise the issue to the court. Any party, including a self-represented litigant or attorney, who presents false legal citations to the court shall be subject to sanctions, which may include having the offending pleading stricken from the record.

## III. Amended Pleadings

Any amended pleadings or proposed amended pleadings shall be accompanied by a redline comparison of the original and amended pleading. The redline shall be filed in CM/ECF as a sub-document to the amended pleading or motion for leave to file the amended pleading. The redline shall be filed as the final attachment to the pleading or motion.

## IV. Motion Practice

All motions must comply with the requirements of this order. Except for good cause shown, motions and briefs that do not conform to the requirements of this order may be stricken. Materials submitted after the close of the submission schedule will not be considered absent leave of court.

**A. Format**

The parties' motions and briefs must be in Times New Roman font and 14-point type, except that footnotes may be in 12-point type. Documents must be double-spaced, except that footnotes and indented quotations may be single-spaced. All margins must be set at one inch.

The court will not consider arguments incorporated by reference to earlier filings and will not consider substantive arguments raised only in footnotes. Citations to the record must refer to the document number and page number generated by CM/ECF and, where available, paragraph or line number.

Requests for oral argument, if applicable, must appear on the first page of the motion, brief, or opposition directly below the case number in the caption of the pleading.

In both the title and caption of each motion, the party must indicate whether the motion is "Opposed" or "Unopposed," and the first paragraph shall briefly summarize the parties' attempts to resolve the issue(s) and set forth areas of agreement and disagreement. The requirements of this paragraph do not apply to motions to dismiss or remand, motions for summary judgment, or motions for injunctive relief.

**B. Separately Filed Exhibits**

When parties submit evidentiary materials in connection with a motion, brief, or response (except on summary judgment), each exhibit must be separately filed in CM/ECF as its own sub-document to the motion, brief, or response, which should be designated in CM/ECF as the main document. For example, a motion might be Doc. 12, and exhibit 1 to that motion would be Doc. 12-1. Special requirements for separately filed evidentiary submissions in connection with summary judgment motions are enumerated in Appendix II, *infra*.

**C. Proposed Orders**

Any motion or opposition may be accompanied by a proposed order. **All proposed orders must be both filed in CM/ECF (as a separate sub-document to the main filing) and emailed (in Microsoft Word format) to lewischambers@almd.uscourts.gov.** If the proposed order relates to discovery matters (*e.g.*, a HIPAA order, protective order or confidentiality order), an electronic copy of the proposed order shall be sent to the e-mail address of the assigned Magistrate Judge whose address may be found at their webpage.

**D. Dispositive Motions**

Any motion for summary judgment filed in this action must comply with all requirements of Appendix II to this order. Any other dispositive motion must comply with the requirements of Appendix II to the extent practicable. The briefing

deadlines provided in Appendix II apply to all dispositive motion briefing; the court will not enter separate briefing orders for each dispositive motion filed.

**E. Other Motions**

A party filing a motion that is not a summary judgment motion may either incorporate in the motion the arguments and authorities upon which it relies or simultaneously file a separate brief with its motion. The total number of pages filed must not exceed 15 pages (exclusive of exhibits).

Any party who desires to file a response to a non-dispositive motion shall file the response within 14 days of the motion. Any corresponding reply shall be filed within 7 days of the response. The court may rule on any non-dispositive motion prior to the filing of any responsive briefs. Responsive briefs are limited to 15 pages, exclusive of exhibits. Reply briefs, if any, are limited to 10 pages. Sur-replies are not permitted without leave of court.

**F. Motions for Temporary Restraining Orders and/or Preliminary Injunctions**

Any request for a temporary restraining order or a preliminary injunction (*see* Fed. R. Civ. P. 65) must be presented in the form of a separate motion, even where the complaint requests such relief.

**G. Motions About Discovery Disputes**

Counsel for the moving party must confer with opposing counsel to attempt to resolve their disagreements regarding discovery. If the parties are unable to

resolve their dispute, it shall be submitted to the assigned United States Magistrate Judge for resolution. *See* Guidelines to Civil Discovery Practice in the Middle District of Alabama.

**H. Motion of Counsel to Withdraw**

Once an attorney has appeared as counsel for a party, he or she may not withdraw from the action merely by filing a "notice of withdrawal," but must file a motion stating the specific grounds for withdrawal and seeking permission of the court to do so. Any motion to withdraw which, if granted, would leave a party unrepresented by counsel must include a certification that the moving attorney has served a copy of the motion on his or her client and has informed the client of the right to promptly file an objection with the court. The motion must also include the notation, "Future notice to (name of party) is to be made at the following address: (state last known address of the party)." No counsel will be permitted to withdraw from the representation of an artificial entity, such as a corporation or an LLC, until substitute counsel has appeared on that party's behalf.

**I. Motions for Extension of Time**

Absent extraordinary unforeseen circumstances, any motion for an extension of any deadline must be filed three or more days before the deadline sought to be extended. Motions for an extension of time that do not satisfy this requirement will ordinarily be automatically denied. Successive requests for extensions by the same

party are strongly disfavored. Parties may agree among themselves to adjust deadlines for expert testimony without leave of court so long as such adjustments are agreed upon by all parties and do not affect the discovery cut-off or dispositive-motions deadline.

**Extensions to the deadlines set to complete all discovery and file dispositive motions will not be granted absent extraordinary cause.**

Any motion to extend the deadline to complete all discovery must (1) provide the date(s) when the moving party first propounded discovery requests and/or noticed depositions and (2) include any other information that will help the court determine how effectively the parties have used the amount of time originally allowed for discovery.

**J. Motions to Seal**

Any motion to seal must satisfy the legal standard in *Romero v. Drummond Co., Inc.*, 480 F.3d 1234 (11th Cir. 2007). Motions that do not satisfy this standard will be routinely denied.

**K. Oral Argument**

If any party desires to have the opportunity for oral argument on a motion, that party should request argument in its motion (or response).

To develop future generations of practitioners, in deciding whether to have argument, the court will consider, among other things, whether an attorney with

fewer than seven years of experience will be arguing. If the court grants the request for oral argument and one of the participating attorneys has fewer than seven years of experience, the court will give the parties additional time for argument to provide a more experienced attorney with the opportunity to supplement the less experienced attorney's argument (and an appropriate response).

All attorneys will be held to the highest professional standards. All attorneys are expected to be prepared and to have a degree of authority commensurate with the proceeding. The court recognizes that there may be many different circumstances in which it is not appropriate for a newer attorney to argue a motion. Thus, the court emphasizes that it draws no inference from a party's decision not to have such an attorney argue any motion. Additionally, the court draws no inference about the relative importance of a particular motion, or about the merits of a party's arguments, from the party's decision to have (or not to have) a newer attorney argue the motion.

## V. Attorney Fee Shifting Cases

If a party anticipates that during or upon the completion of this action it may seek an award of attorneys' fees from the opposing party pursuant to any statute or other law, for any reason other than as a sanction under the Federal Rules of Civil Procedure, the party seeking fees must comply with the following requirements as a precondition to any such award:

(a) Counsel must maintain a separate record of time with a complete and accurate accounting of all time devoted to this particular action (to the nearest 1/10 of an hour), recorded contemporaneously with the time expended, for each attorney and with sufficient detail to disclose the nature of the work performed in the action. For example, do not simply list "research," list the specific matter being researched. Do not simply list "conference," identify the persons conferring and the general subject matter of the conference.

(b) If a claim will be made for services performed by any person not a member of the bar, a separate time record shall be maintained for each such individual in accordance with (a) above.

(c) Counsel is directed to review and verify all attorney and non-attorney time records no less than once per month.

(d) Although the court does not require counsel to file a copy of the time records before a request for a fee, counsel may file with the Clerk of Court either a copy of the time record referred to in (a) above, or a separately prepared document setting forth the information described in (a) above. If counsel elects to file reports, they should be filed by the 15th day of the month following the month in which the work was performed during the pendency of the case. If counsel elects to file time reports, the material filed may be filed under seal, subject to further court order, by placing the same in a sealed envelope with the case name and number along with "ATTORNEY TIME RECORDS - FILE UNDER SEAL" written thereon. However, if the material is filed under seal, then the filing party must, at the time of such filing, also file (and serve a copy on opposing parties or their counsel) a document stating the total of the hours represented by the sealed filing, allocated as to total attorney hours and total non-attorney hours included in the current filing under seal. Upon the conclusion of this case, without further order, the seal will be lifted as to all attorney fee materials filed under seal.

(e) A Petition for Attorney Fees shall be accompanied by Counsel's Certification that all-time records are accurate; that such records were prepared contemporaneously with the performance of the work for which the fees are claimed; and that counsel reviewed and verified all attorney and non-attorney time records no less frequently than once per month.

## VI. Cases That Require EEOC Charges

If this case is one in which the filing of a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or similar agency is required as a prerequisite to suit, then the plaintiff(s) must file the following with the Clerk of Court at the time of filing the disclosures required by Rule 26(a)(1): (a) a copy of all charges of discrimination filed with the EEOC and which form the bases of the action; and (b) a copy of the EEOC's response to all such charges of discrimination filed with that agency, including the notice of right to sue.

**DONE** and **ORDERED** on this the 30th day of October, 2026.

**BILL LEWIS**
UNITED STATES DISTRICT JUDGE

**APPENDIX I**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**__________ DIVISION**

**[Name of plaintiff(s)],** )
)
**Plaintiff(s),** )
)
)
**v.** ) **Case No.:**
)
**[Name of defendant(s)],** )
)
**Defendant(s).** )

**<u>REPORT OF THE PARTIES' PLANNING MEETING</u>**

1. Synopsis of the case: <Provide a brief synopsis of the case that advises the court of the general claims and defenses of the parties. This synopsis must not exceed one page.>

2. The following persons participated in a Federal Rule of Civil Procedure 26(f) conference on <Date> by <State the method of conferring>:

   <Name>, representing the <plaintiff(s)>
   <Name>, representing the <defendant(s)>

3. Initial Disclosures. The parties [have completed] [will complete by <Date>] the initial disclosures required by Rule 26(a)(1).

4. Discovery Plan. The parties propose this discovery plan:

   <Use separate paragraphs or subparagraphs if the parties disagree.>

   (a) Discovery will be needed on these subjects: <Describe>.
   (b) <Dates for commencing and completing discovery, including discovery to be commenced or completed before other discovery.>
   (c) <Maximum number of interrogatories by each party to another party, along with the dates the answers are due.>

(d) <Maximum number of requests for admission, along with the dates responses are due.>
(e) <Maximum number of depositions by each party, excluding experts and parties.>
(f) <Limits on the length of depositions, in hours.>
(g) <Dates for exchanging reports of expert witnesses.>
(h) <Dates for supplementations under Rule 26(e).>

5. Other Items:

(a) <A date if the parties ask to meet with the court before a scheduling order.>
(b) <Final dates for the plaintiff to amend pleadings or to join parties.>
(c) <Final dates for the defendant to amend pleadings or to join parties.>
(d) <Final dates to file dispositive motions.>
(e) <State the prospects for settlement.>
(f) <Identify any alternative dispute resolution procedure that may enhance settlement prospects.>
(g) <Suggested trial date and estimate of trial length.>
(h) <Other matters.>

Date: <Date>

<Signature of the attorney or unrepresented party>

______________________________
<Printed name>
<Address>
<E-mail address>
<Telephone number>

Date: <Date>

<Signature of the attorney or unrepresented party>

______________________________
<Printed name>
<Address>
<E-mail address>
<Telephone number>

**SCHEDULING WORKSHEET**
***Plaintiff(s) v. Defendant(s)***
**Case No.**

## A. Deadlines

| Parties' Rule 26(f) Report | | Court's Suggestion |
|---|---|---|
| | Initial Disclosures | |
| P:<br>D: | Deadline to Join Parties or Amend Pleadings | P:<br>D: |
| P:<br>D: | Expert Reports | P:<br>D: |
| | Rule 26(e) Supplementations | Follow Rule 26(e)(1)(a) |
| | All Discovery Complete | |
| n/a | Telephone Status Conference | |
| | Dispositive Motions | |
| | Witness & Exhibit Lists<br>Objections & Motions in Limine<br>Responses to Objections/MIL | |
| | Pretrial Conference | |
| Date, #-days | Trial Date (Jury) and Estimated Length of Trial | |

## B. Discovery Limits

| Parties' Rule 26(f) Report | | Court's Suggestion |
|---|---|---|
| # each, due within ## days of service | Interrogatories | |
| # each, due within ## days of service | Requests for Admission | |
| # each, due within ## days of service | Requests for Production | |
| # each, # hours each | Depositions | |

# APPENDIX II

## SUMMARY JUDGMENT MOTION PRACTICE

**This appendix contains mandatory instructions that must be followed.** Except for good cause shown, briefs and evidentiary submissions that do not conform to the following requirements may be stricken.

### I. Submission Dates

The court will set a deadline for the parties to file dispositive motions. Any motion for summary judgment and briefs and evidentiary submissions must be filed on or before that deadline. The opponent's responsive brief must be filed no later than 21 days after the movant's brief, unless otherwise ordered by the court. The movant's reply brief, if any, must be filed no later than 14 days after the date on which the opponent files its responsive brief, unless otherwise ordered by the court. If the due date for a response or reply falls on a weekend or court holiday, the due date shall be the next business day. To ensure that each party is afforded a full and fair opportunity to be heard, the parties must deliver copies of briefs and evidentiary submissions to opposing parties without undue delay and, generally, on the same date such materials are submitted to the court.

### II. Submissions

The parties' submissions in support of and opposition to summary judgment motions must consist of: (1) a brief containing, in separately identified sections (a) a statement of allegedly undisputed relevant material facts (or rebuttal to such

statement, for an opposition filing) and (b) a discussion of relevant legal authorities; and (2) copies of any evidentiary materials upon which the party relies. More detailed requirements for these submissions are explained below.

## III. Requirements for Briefs

### A. Format

Initial and response briefs are limited to 35 pages. Reply briefs are limited to 15 pages. Briefs must include a table of contents that accurately reflects the organization of the document. The table of contents is not included in the page limit. The text of briefs must be double-spaced (except for quotations exceeding fifty words, which may be indented from the left and right margins and single-spaced) using 14-point Times New Roman typeface. All margins must be set at one inch.

**The court will not consider arguments incorporated by reference to earlier filings and will not consider substantive arguments made in footnotes.** The court may strike any brief that would exceed the page limits because of attempts to incorporate by reference or include substantive arguments in footnotes.

### B. Submissions

The parties must electronically file the original brief. The parties also must email to lewischambers@almd.uscourts.gov the brief in Microsoft Word format, contemporaneously with the filing of the brief.

**C. Manner of Stating and Supporting Facts**

Counsel must state facts in clear, unambiguous, simple, declarative sentences. All statements of fact, in all sections of the brief, must be supported by specific reference to the CM/ECF document and page number of the evidentiary submission. **NOTE** that compliance with this requirement will necessitate filing the evidentiary submission in support of the brief **before** filing the brief and may even necessitate filing the evidentiary submission one or more days before filing the brief. Both the evidentiary submission and brief must be filed on or before the filing deadline.

**1. Moving Party's Initial Statement of Facts**

The moving party's brief must set forth each material fact that, when construed in the light most favorable to the non-moving party, the movant contends is true, material, and not in genuine dispute, and upon which the movant relies to demonstrate that it is entitled to summary judgment. Each statement of fact must be followed by a specific reference to those portions of the evidentiary record that the movant claims support it.

**2. Opposing Party's Statement of Facts**

Each party opposing a summary judgment motion also must submit a statement of facts. This statement of facts must include (although not necessarily in this order) (1) the non-movant's disputes, if any, with the movant's claimed undisputed facts; (2) additional undisputed facts, if any, that the non-movant contends require denial of summary judgment; and (3) disputed facts that the

nonmovant contends require denial of summary judgment. Each statement of fact must be followed by a specific reference to those portions of the evidentiary record that the opposing party claims support it.

All material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment.

### 3. Moving Party's Reply

The reply submission, if any, must include the moving party's disputes, if any, with the non-moving party's additional claimed undisputed facts. Any statements of fact that are disputed by the moving party must be followed by a specific reference to those portions of the evidentiary record upon which the dispute is based. All additional material facts set forth in the statement required of the opposing parties will be deemed to be admitted for summary judgment purposes unless controverted by the statement of the movant.

## IV. Requirements for Evidentiary Submissions

To facilitate the court's requirement that the parties' briefs cite to CM/ECF document and page numbers, the parties must electronically file all evidentiary materials (e.g., affidavits, exhibits, depositions, or other products of discovery) relied upon in support of or opposition to summary judgment motions separately from their briefs and **before** they file their briefs in support of or opposition to summary judgment.

Any party opposing a summary judgment motion may reference materials in the moving party's evidentiary submission without refiling those materials. Parties shall not resubmit additional copies of the same documents.

**A. Organization**

The evidentiary submission must include a table of contents that includes a brief narrative description of each document included: e.g., "Plaintiff's Exhibit 1, the Deposition of John Jones." For ease of citation, each affidavit, exhibit, deposition, or other product of discovery must be separately identified by a capital letter or numeral (i.e., "Exhibit A" or "Exhibit 1"); and, if the exhibit contains more than one page, each page must be separately numbered.

**B. Depositions**

The parties must submit entire depositions, even if they rely only on excerpts, including all exhibits to the depositions. Depositions submitted as part of the evidentiary record should be in travel transcript form with four pages of deposition text per 8.5 x 11-inch page.

**C. Submissions**

The parties must electronically file their evidentiary submissions.

**D. Conventional Submissions**

To the extent a party cannot electronically file a piece of evidence, the evidence must be conventionally filed with the Clerk of Court.

To conventionally file a piece of evidence, the party must file a Notice of Conventional Filing at the time the party electronically files its evidentiary submissions. The subject evidence must be conventionally filed with the Clerk of Court within 24 hours of the Notice of Conventional Filing. Including conventionally filed evidence with a courtesy copy to chambers is not filing and does not satisfy this obligation.

If a party fails to comply with this requirement, that party bears the risk of loss of or destruction to the evidence.