IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION,<br>Plaintiffs,<br><br>v.<br><br>STEVE MARSHALL, Attorney General,<br>Defendant. | Case No. 2:26-cv-00897-BL-SMD |
| A.P., *et al.*,<br>Plaintiffs,<br><br>v.<br><br>STEVE MARSHALL, Attorney General,<br>Defendant. | Case No. 2:26-cv-00904-BL-SMD |

**PARTIES' JOINT STIPULATIONS AND MOTION TO STAY BRIEFING DEADLINES**

The Plaintiffs in these consolidated cases challenge Alabama Act No. 2026-59, concerning certain requirements for app stores and app providers. Plaintiffs in each case filed a motion for preliminary injunction. The parties have conferred and agree that this case can be more efficiently litigated after the Attorney General adopts administrative rules as called for by the Act. They therefore make the following stipulations and jointly move for a stay of certain deadlines until after the rules are adopted:

1. Plaintiffs raise certain claims against Alabama Act No. 2026-59, codified at Ala. Code §8-19k-1 et seq. Among other things, the Act requires an app store provider to request age information from an individual who creates an account and to verify the individual's age category. Ala. Code §8-19k-2. Such verification may be made by using "commercially available methods that are reasonably designed to ensure accuracy" or by "an age verification system that complies with rules adopted pursuant to this act." *Id.*

2. The Act requires the Attorney General to "adopt rules establishing processes and means by which an app store provider may verify whether an account holder is a minor in accordance with this chapter." Ala. Code §8-19k-10.

3. A knowing or reckless violation of the Act is deemed a deceptive trade practice, and the Act gives the Attorney General exclusive jurisdiction to bring an action enforcing the Act. Ala. Code §8-19k-11(a).

4. The Attorney General has not yet promulgated rules under the Act and it will be at least several months until any such rules become effective. The Act itself does not become effective until January 1, 2027. Ala. Act 2026-59 §15. The Attorney General anticipates submitting a notice of proposed rules in or around February 2027, which will be published in the *Alabama Administrative Monthly*. Ala. Code §41-22-5. Such publication starts a public comment period that will last no less than 35 days and no more than 90 days. *Id*. Within 90 days after the comment period, the

Attorney General must adopt the rules and submit them to the Legislative Services Agency, which will again publish the adopted rules in the *Alabama Administrative Monthly* at the end of the month. Ala. Code § 45-22-6(b). Then, unless the rules provide a later effective date, those rules will become effective 45 days after the second publication date. Ala. Code §45-22-6(c).

5. The Attorney General contends that the forthcoming rules are integral to enforcement of the Act. He therefore stipulates that he will not enforce the Act until administrative rules go into effect.

6. The Attorney General further stipulates that the forthcoming rules will provide that they will not be effective until 90 days after the second publication date (rather than the default of 45 days).

7. While it is not possible at this time to provide a date certain when the rules will be effective, the Attorney General estimates that the effective date will not come before July 2027.

8. The parties believe that Plaintiffs' claims can be more fulsomely adjudicated after the Attorney General adopts rules. Moreover, waiting until the rules are known will promote judicial economy. Because of the Attorney General's stipulation that the Act will not be enforced until the rules are effective, and that the rules will not be effective until 90 days after the second publication date, there will

be time after the rules are final for the parties to brief the pending preliminary injunction motions and for the Court to consider the same before the law is enforced.

9. The parties therefore move the Court to enter an order providing as follows:

a. Staying the Attorney General's deadline to respond to the Plaintiffs' now-pending preliminary injunction motions until 30 days after the second publication of administrative rules;

b. Providing that Plaintiffs shall file any replies in support of their now-pending preliminary injunction motions within 21 days of the Attorney General's response, limited to 20 pages;

c. Staying the Attorney General's obligation to file his response to Plaintiffs' complaints (his answer or motion to dismiss) until either (i) 21 days after the Court rules on Plaintiffs' preliminary injunction motions, with no appeal having been filed; or (ii) if a party appeals the Court's order granting or denying the preliminary injunction motions, 21 days after the disposition of the appeal;

d. Requiring the parties to file a joint status report within 14 days after the second publication of the rules, notifying the Court of

the expected timeline and when the parties would respectfully request a hearing on Plaintiffs' preliminary injunction motions.

e. Staying the parties' 26(f) conference deadline set in the Court's Initial Order until 21 days after either the Attorney General files an answer or the Court rules upon a motion to dismiss (if any), with the successive deadlines for filing a report and commencing discovery calculated from that new date.

WHERFORE, the parties respectfully submit the above stipulations and ask the Court to enter an order as set out above. A proposed order will be submitted for the Court's consideration.

**I, James W. Davis, counsel for Attorney General Steve Marshall, hereby certify that I have permission from counsel for the Plaintiffs to electronically file these joint stipulations and motion on Plaintiffs' behalf.**

Dated: November 17, 2026

Respectfully submitted,

Steve Marshall
*Attorney General*

s/ James W. Davis
James W. Davis (ASB-4063-I58J)
*Deputy Attorney General*

Matthew R. Duggan (ASB-1512-D00L)
Andrew T. Mount (ASB-8224-Q14L)
*Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Jim.Davis@AlabamaAG.gov
Matt.Duggan@AlabamaAG.gov
Andrew.Mount@AlabamaAG.gov

*Counsel for Attorney General Steve Marshall*

s/ J. Evans Bailey
J. Evans Bailey
RUSHTON, STAKELY, JOHNSON & GARRETT, P.A.
P.O. Box 270
Montgomery, AL 36101-0270
Tel: 334-206-3100
ebailey@rushtonstakely.com

Brian Willen (*PHV*)
Edward Percarpio (*PHV*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
31 West 52nd Street, Fifth Floor
New York, NY 10019
Tel: 212-999-5800

bwillen@wsgr.com
epercarpio@wsgr.com

Lauren Gallo White (*PHV*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza Spear Tower, Suite 3300
San Francisco, CA 94105
Tel: 415-947-2000
lwhite@wsgr.com

Elizabeth Sharkey (*PHV*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, DC 20006
Tel: 202-973-8800
esharkey@wsgr.com

*Attorneys for Plaintiff Computer & Communications Industry Association*

s/ John G. Thompson
John G. Thompson
Mary Clark Logan
Lightfoot, Franklin & White, LLC
400 20th Street North
Birmingham, Alabama 35203
Tel: 205.581.0700
jthompson@lightfootlaw.com

Ambika Kumar (*PHV*)
Nicole Saad Bembridge (*PHV*)
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Tel: 206.622.3150
ambikakumar@dwt.com
nicolesaadbembridge@dwt.com

David M. Gossett (*PHV*)
Celyra Myers (*PHV*)
Davis Wright Tremaine LLP
1301 K Street NW, Suite 500 East
Washington, D.C. 20005
Tel: 202.973.4200
davidgossett@dwt.com
celyramyers@dwt.com

Adam S. Sieff (*PHV*)
Haley B. Zoffer (*PHV*)
Davis Wright Tremaine LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071-3487
Tel: 213.663.6800
adamsieff@dwt.com
haleyzoffer@dwt.com

Abigail B. Everdell (*PHV*)
Davis Wright Tremaine LLP
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: 212.489.8230
abigaileverdell@dwt.com

*Attorneys for Plaintiffs A.P., S.P., C.H., and M.H.*